Filed 4/26/23  P. v. Phillips CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079235 |
| v. | (Super.Ct.No. FVA013693) |
| CHRISTY CLINTON PHILLIPS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Christy Clinton Phillips appeals the San Bernardino County Superior Court's denial of her motion made pursuant to Penal Code section 1170

1

seeking a second hearing under *People v. Franklin* (2016) 63 Cal.4th 261, and its denial

of her section 1172.6 petition for resentencing.[1]  We will affirm.

## BACKGROUND

In January 2002, when defendant was 16 years old, a jury convicted her of first

degree murder (§ 187, subd. (a), count 1) and torture (§ 206, count 2) of an elderly

woman, crimes defendant committed when she was 15.  The jury also convicted

defendant of first degree burglary of the victim's home (§ 459, count 3) and found true

the allegations she used deadly weapons when torturing and murdering the victim

(§ 12022, subd. (b)(1)).  The court sentenced her to 25 years to life for the murder, a

consecutive term of life with the possibility of parole for the torture, and one year for one

of the weapon enhancements.  It also imposed and stayed a one-year sentence on the

other enhancement and an upper term of six years for the burglary.

On March 16, 2022, defendant filed a petition for resentencing pursuant to section

1172.6.  Two weeks later, she filed an amended petition (i) seeking resentencing pursuant

to section 1170 because, due to changes to the Penal Code made by Senate Bill 567

(Stats. 2021, ch. 731, eff. Jan. 1, 2022), the trial court was not permitted to impose the

upper term for the burglary conviction, and (ii) requesting a hearing pursuant to *People v.*

*Franklin*, *supra*, 63 Cal.4th 261 (*Franklin* hearing) on the grounds she had been talked

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

into waiving her appearance at her first *Franklin* hearing and her counsel's assistance at that hearing had been ineffective.

The trial court denied defendant's amended petition in a written order. It explained it was not authorized to entertain resentencing relief for defendant because she had been convicted and committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for more than 120 days, and neither the Secretary, the Board of Parole Hearings, or the district attorney of the county in which she was convicted had recommended recall and resentencing of previously ordered sentence and commitment.

The court also found defendant is not entitled a second section 1203.01 *Franklin* evidence preservation hearing. It noted a *Franklin* hearing had taken place in September 2019, which provided defendant the opportunity to supplement the record with information relevant to her eventual youth offender parole hearing. Defendant had waived her personal presence and the court found that, in all events, her lack of attendance at the hearing did not have legal significance because (i) section 1203.01 does not contemplate a defendant's personal presence, and (ii) the hearing, which took place nearly 20 years after defendant's conviction, cannot be considered a critical stage of the proceedings.

Defendant timely noticed this appeal from the denial of her amended petition and we appointed appellate counsel to represent her.

3

## DISCUSSION

Defendant's counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S 738.  The brief sets forth statements of the case and facts, and requests this court to independently review the entire record on appeal.  Counsel also suggests three potentially arguable issues:

(i) Whether the trial court erred in denying defendant's request for a new *Franklin* hearing; (ii) whether the court erred in finding that defendant was not eligible for relief under subdivision (d)(1) of section 1170; and (iii) whether the categorical exclusion from resentencing relief violates equal protection.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, before the Supreme Court's opinion in *People v. Delgadillo* (2022) 14 Cal.5th 216 became final.  Because the opening brief and our notice to defendant referred to *Wende*, we conducted independent review of the record on appeal.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  We found no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>　　　　　　
　　　　　　　　　　　　　　　　P. J.

We concur:

<u>CODRINGTON</u>　　　　　
　　　　　　　　　J.

<u>FIELDS</u>　　　　　　　　
　　　　　　　　　J.